```
LAW OFFICES OF MICHAEL H. LEWIS
MICHAEL H. LEWIS (#088742)
25 Kearny St., Ste. 302
San Francisco, CA 94108

Telephone Number: (415) 296-1460
Fax Number: (415) 788-4315

Attorneys for
FEED THE METER, LLC
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: ) | Case No. 09-31504 |
| ) | |
| FEED THE METER, LLC, ) | CHAPTER 11 |
| ) | |
| Debtor. ) | TIME: 9:30 A.M. |
| ) | DATE: NOVEMBER 30, 2009 |
| ) | JUDGE: CARLSON |

**MOTION TO ASSUME UNEXPIRED
NON-RESIDENTIAL REAL PROPERTY LEASE**

TO: THE HONORABLE THOMAS CARLSON, UNITED STATES BANKRUPTCY JUDGE, THE STRAWBERRY VILLAGE RETAIL, LLC, BAYCHESTER SHOPPING CENTER WEST, LLC, CHEESE CENTER OF SAN FRANCISCO, THE UNITED STATES TRUSTEE, THE TWENTY LARGEST UNSECURED CREDITORS AND OTHER PARTIES REQUESTING NOTICE:

FEED THE METER, LLC (the "Debtor"), the debtor and debtor in possession herein, hereby moves the Court for an order authorizing the Debtor to assume the following unexpired lease of non-

MOTION TO ASSUME LEASES 1

residential real property:

    A. 800 Redwood Highway, Suite 801, Mill Valley, California ("Mill Valley Lease"). The landlord is, or the property is managed by, Strawberry Village Retail, LLC, Shelter Bay Retail Group ("Mill Valley Landlord").

    B. 1607 Haight Street, San Francisco, California ("Haight Street Lease"). The landlord is, or the property is managed by, Baychester Shopping Center West, LLC ("Haight Street Landlord").

    C. 3415 California Street, San Francisco, California ("California Street Lease" and together with the Mill Valley Lease and the Haight Street Lease, jointly referred to herein as the "Leases"). The landlord is, or the property is managed by, The Cheese Center of San Francisco, Inc., ("California Street Landlord", and together with the Mill Valley Landlord and the Haight Street Landlord, jointly referred to herein as the "Landlords").

The Debtor represents as follows in support of its motion:

1. The Debtor's business is the operation of casual restaurants known as Asqew Grill at a number of locations in or near San Francisco, California. Three of its restaurants are located at premises subject to the Leases. Declaration of Mark Nicandri ("Nicandri Declaration"), Paragraph 3.

2. Each Lease is an unexpired lease of non-residential real property which the Debtor may assume interest therein is therefore subject to the provisions of Bankruptcy Code §365.

4. In the exercise of its business judgment, the Debtor has concluded that the continued operation of these three restaurants is essential to the success of its plan of financial reorganization for a number of reasons including the following:

    i. The Debtor needs to maintain a minimum number of restaurants in order to support the overhead structure that is necessary to run a small chain of restaurants. Reducing the number of operating restaurants will reduce the Debtor's cash flow without a corresponding reduction in its overhead;

MOTION TO ASSUME LEASES    2

   ii. The three restaurants are necessary to maintain the regional presence of the Debtor's restaurant chain. Without the three locations, the Debtor risks losing it unique identity in and appeal to the market place which is likely to result in a downward spiral in its income as customers shift to more visible alternatives;

   iii. Continued operation of the three restaurants is necessary to generate the cash flow needed to pay even a portion of the debt the Debtor accrued when it attempted to expand to and operate nine restaurants. Without proportional increase in cash flow resulting from the operation of these three restaurants, the Debtor will not be able to fund its financial reorganization.

   iv. The alternative of rejecting the Leases would result in a substantial increase in the total unsecured claims against the Debtor's estate. This fact, coupled with the loss of the cash flow from the three locations, would doom any chance the Debtor has of reorganization.

Nicandri Declaration, Paragraph 5.

 5. The Debtor believes that the rents due under each of the Leases is equivalent to the going market rate for comparable properties. Nicandri Declaration, Paragraph 4.

 6. Material pre-petition defaults exist with respect to the Mill Valley and Haight Street Leases. The Debtor has negotiated agreements with these two landlords providing for the curing of the arrearages as follows:

 A. Mill Valley Lease:

   The Debtor's rent under this lease is composed of two components. The first is Minimum Rent and the second is Space Improvement Rent. Pre-petition Minimum Rent and Space Improvement Rent defaults totalled approximately $27,000 and $43,400 respectively. The parties' agreement provides that the Minimum Rent default amount will be repaid in twelve, equal monthly installments, while repayment of Space Improvement Rent will be deferred until June, 2010. In addition, the parties have agreed to defer payment of one-half of the current Space Improvement Rent for the six month period beginning August 1, 2009, until June, 2010.

1    B.   Haight Street Lease:

2        The parties have agreed that pre-petition arrearages
     in the approximate amount of $30,000 will be repaid in
3    twenty-four equal monthly installments.

4    In addition to the above, the Debtor has agreed to provide each
5 of these landlords with additional assurance of its future
6 performance under the Mill Valley Lease and the Haight Street Lease
7 through the addition of its parent company, Ridgewood Restaurants,
8 LLC, as an additional lessee. Nicandri Declaration, Paragraph 6.
9 Upon approval of the Debtor's assumption of these two leases, it
10 will execute amendments to the existing leases setting forth the
11 terms described above.

12    7.   The pre-petition default owing under the California Lease
13 is minor, totalling approximately one-half months rent. The Debtor
14 intends to cure this default upon terms acceptable to its landlord.
15 Nicandri Declaration, Paragraph 7.

16    8.   Post-petition rents for all three leases are believed to be
17 current. Nicandri Declaration, Paragraph 8.

18    WHEREFORE, based upon the exercise of its business judgment,
19 the Debtor requests this Court to make and enter its order
20 authorizing the assumption of the Leases subject to the amendments
21 set forth above.

22 Dated: October 30, 2009          LAW OFFICES OF MICHAEL H. LEWIS


                                   /s/ Michael Lewis
                                   Michael H. Lewis
                                   Attorney for Debtor

MOTION TO ASSUME LEASES                                            4